IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:16-CR-283-L** |
| | § | |
| **VICTOR MANUEL SOLORZANO (01)** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Unopposed Motion for Continuance of Sentencing and Sentencing Deadlines ("Motion") (Doc. 210), filed November 15, 2021. The court **denies** the Motion for the reasons that follow.

Defendant Victor Solorzano ("Defendant," "Defendant Solorzano," or "Mr. Solorzano") requests a sixty-day continuance of all sentencing deadlines and the re-sentencing hearing that is currently set for November 19, 2021, at 9:30 a.m. Defendant's attorney asserts that he needs more time to prepare for the re-sentencing hearing to review the October 15, 2021 Addendum, meet with Mr. Solorzano in person, and draft a sentencing memorandum. Defense counsel further asserts that his ability to prepare for Mr. Solorzano's re-sentencing hearing has been impeded by the time he has needed to spend preparing for criminal trials in two other cases, including the trial in *United States v. Randy Hanes*, Case No. 3:19-CR-206-S (01), that was scheduled to commence November 15, 2021, but may not go forward if the defendant in that case enters a guilty plea.

Although the Motion is unopposed, this is the third continuance sought by Defendant Solorzano of the re-sentencing hearing and deadlines since February 2021 when his current counsel was appointed and the court entered an order setting the re-sentencing hearing for April 22, 2021, and the deadlines for filing objections to the supplemental presentence investigations reports or

addenda to March 12 and 26, 2021. One week before the April 22, 2021 hearing and *after all deadlines for filing objections, sentencing memoranda, and sentencing motions had passed*, and after Mr. Solorzano moved to terminate his counsel and represent himself, his current attorney filed Defendant's first request to continue the hearing and all sentencing deadlines, citing the need for more time to investigate and prepare objections (Doc. 197). The court granted the motion, continued the objection deadlines to June 25 and July 16, 2021, and moved the re-sentencing hearing to August 20, 2021.

On August 13, 2021, *one week before the August 20, 2021 hearing, and after all deadlines for filing objections, sentencing memoranda, and sentencing motions had passed*, defense counsel filed Defendant's second motion for continuance, requesting a ninety-day extension of the hearing date and all sentencing deadlines (Doc. 204). Defense counsel indicated that a further continuance was needed to prepare for Mr. Solorzano's re-sentencing and also because of a scheduling conflict he had with a trial in another case that was set for the same week. The court granted this motion for a ninety-day continuance and moved the re-sentencing hearing to November 19, 2021 (Doc. 205). It also continued to September 24, 2021, the deadline for asserting objections to the Second Addendum that was filed six months earlier by the probation officer on February 11, 2011. The deadline for filing objections to any further addendum by the probation officer was continued to October 1, 2021.

On September 30, 2021, *six days after expiration of the September 24, 2021 objection deadline*, defense counsel moved for leave to file out-of-time objections (Doc. 206). Counsel asserted that Defendant's objections to the Second Addendum were not filed by the September 24, 2021 deadline ordered because he was busy preparing for trials in other cases; he had to attend an

out-of-town detention hearing; and he went on a family vacation on September 24, 2021. The court granted the motion the same day (Doc. 207). Thereafter, a Third Addendum addressing Defendant's objections was filed by the probation officer on October 25, 2021.

On November 15, 2021, at 4:15 p.m., *less than four days before the date the current re-sentencing hearing was scheduled to take place*, Defense counsel filed his third and current Motion to continue the hearing and all sentencing deadlines for an additional sixty days. Counsel again asserted that more time was needed to prepare and file additional out-of-time sentencing materials, including a sentencing memorandum and presumably objections to the most recent Third Addendum, because of scheduling conflicts.

The court determines that Defendant's third Motion for continuance should be denied for a number of reasons. First, the current re-sentencing hearing was specifically scheduled to take place on November 19, 2021, as a result of defense counsel's request for a ninety-day continuance on August 13, 2021. Second, in August 2021, when counsel filed his last motion to continue the re-sentencing hearing for ninety days and the court entered its ordered granting that motion, he was aware that the trial in *United States v. Randy Hanes*, Case No. 3:19-CR-206-S (01), was scheduled to commence on November 15, 2021, as the order scheduling the trial in that case was entered on July 29, 2021. Third, the court expressly warned Defendant in its August 16, 2021 order that it would not grant any additional continuances absent exceptional or extraordinary circumstances. The court explained that such circumstances were limited to true emergencies or matters that could not have been reasonably anticipated. It also reminded Defendant that all motions for continuance must be filed no later than 5 p.m., at least seven days prior to the sentencing hearing, and that, when

motions for continuance are filed less than seven days before sentencing at the last minute in violation of the court's orders, scarce judicial resources are unnecessarily consumed.

Defense counsel did not heed the court's warning or directive when he filed Defendant's current Motion less than seven days before the November 19, 2021 re-sentencing hearing. Additionally, his justification for needing a further continuance of the hearing is not a true emergency and could have reasonably been anticipated because counsel was aware of the potential scheduling conflict when he filed Defendant's second motion to continue the re-sentencing hearing, and the conflict he alludes to in Defendant's current Motion for continuance was created by his prior request for a ninety-day extension of the re-sentencing hearing. As before, *the extensions now sought by Defendant were not requested until the eleventh hour after expiration of the sentencing deadlines*. As a result, the court and its staff have already expended time preparing for the re-sentencing hearing scheduled for this Friday, November 19, 2021.

Moreover, the court does not understand why more time is needed to prepare for the re-sentencing hearing when the sole issue on remand is limited to the discrete issue regarding the error in Defendant's original sentencing in applying the sentencing enhancement under U.S.S.G. § 3A1.2(b) to calculate his advisory guidelines. Specifically, the Fifth Circuit affirmed Defendant's conviction but vacated his sentence and remanded the case for "resentencing consistent with [its] opinion" that this court erred in applying the six-level official victim sentencing enhancement under § 3A1.2(b) for Counts 3 and 5. Defendant's Solorzano's objections to the Second Addendum, on the other hand, go far beyond this issue and attempt to reach back and object to issues not previously raised in his original sentencing. He also attempts to relitigate matters that were previously rejected by the undersigned or the Fifth Circuit. As the probation officer correctly notes in the Third

Addendum, however, such objections by Defendant are foreclosed by Fifth Circuit authority and the mandate rule because they exceed the scope of the Fifth Circuit's mandate of what the undersigned can address on remand in re-sentencing him.

In this regard, the Fifth Circuit, in *United States v. Carales-Villata*, 617 F.3d 342, 345 (5th Cir. 2010), explained that, while "[i]t is important that the sentencing judge have sufficient information to mete out a fair sentence, . . . reconsidering all sentencing factors *de novo* on remand is unreasonable due to the passage of time and logistical considerations." Thus, the court in *Carales-Villata* explained that parties are not entitled to a "full blown sentencing hearing" and a defendant should not be allowed a "second bite" on remand. *Id.* at 345 (citations omitted). Instead, the matters in this Circuit that can be considered on remand by the re-sentencing court are generally limited to the issues appealed and the basis for remand. *Id.* at 344-45. All other issues, whether appealed and affirmed or not appealed, and waived as a result, cannot be relitigated on remand or subsequent appeal. *Id.*

In *United States v. Teel*, 691 F.3d 578 (5th Cir 2012), the court reiterated that the "mandate rule":

> "prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand. This prohibition covers issues decided both expressly and by necessary implication . . . ." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (per curiam). "Additionally, pursuant to the 'waiver approach' to the mandate rule," *McCrimmon*, [443 F.3d 454, 459 (5th Cir. 2006)], "'[a]ll other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below,'" *Pineiro*, 470 F.3d at 205 (citation omitted). *See also United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) ("Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court. Moreover,

> the rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court.").

*Id.* at 583.

Likewise, in *United States v. Bagley*,639 F. App'x 231 (5th Cir. 2016) (per curiam), the Fifth Circuit held that under the mandate rule followed and applied by courts in this Circuit:

> [t]he only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court. In short, the resentencing court can consider whatever this court directs-no more, no less. All other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below.

*Id*. at 232 (quoting *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998)). In *Bagley*, the Fifth Circuit determined that the district court violated the mandate rule and reversed the district court's decision to impose a fine on remand that was not previously imposed in the original sentencing because the limited purpose of the remand was modification of district court's order of restitution consistent with its opinion, which "did not invite a wholesale reconsideration of Bagley's sentence" on remand. *Id.* at 232-33. In other words, the Fifth Circuit generally follows the approach that "only those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court" unless it expressly states that the district court is free to consider other matters on remand. *Marmolejo*, 139 F.3d at 531 (citations omitted); *see also United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004) ("Although we acknowledged [in *Marmolejo*, 139 F.3d at 530] that a district court traditionally has broad discretion to consider new factors relevant to a sentencing issue, we clarified that this discretion 'is limited to the gathering of relevant facts and evidence on the specific and particular issues heard by the appeals court and remanded for resentencing.'").

In this case, the discrete issue identified by the Fifth Circuit for this court to address on remand in re-sentencing Defendant Solorzano is the error in applying the six-level official victim sentencing enhancement under § 3A1.2(b) for Counts 3 and 5. Regarding this issue, the Fifth Circuit even went so far as to advise how the guidelines without this enhancement should be calculated. Accordingly, the re-sentencing hearing will be limited to this issue, and the court will not entertain any new arguments or information regarding other issues that were not the basis for the remand. Likewise, the court's consideration of the sentencing factors under 18 U.S.C. § 3553(a) in fashioning an appropriate sentence will be limited to the information previously presented and considered by it during Defendant's original sentencing. The court, therefore, **overrules** all objections asserted by Defendant to the Second Addendum (Doc. 208), as these objections pertain to other issues that were not the basis for the Fifth Circuit's remand. As no objections were asserted to the Second Addendum's removal of the § 3A1.2(b) enhancement in recalculating the advisory guidelines, re-sentencing should be fairly straightforward.

Given the limited scope of Defendant Solorzano's re-sentencing, the court sees no reason why his attorney should need an additional continuance to prepare for the November 19, 2019 hearing. The court also determines, for the reasons explained, that Defendant Solorzano is not entitled to another continuance of the re-sentencing hearing or any now-expired sentencing deadlines. The court, therefore, **denies** his Motion, and the re-sentencing hearing will proceed as scheduled on November 19, 2021, at 9 a.m.

**It is so ordered** this 16th day of November, 2021.

Sam A. Lindsay
United States District Judge